**Alberta Yazzie, individually, and as mother
and next friend of Tamsen Francisco, a minor;
Rosita Yazzie, individually, and as mother
and next friend of Vyle Yazzie, a minor; and
Roberta Yazzie, individually, and as next
guardian and next friend of Iris Nez, a minor,
Plaintiffs/Appellants,
v.
Denzel Lee James, Chinle Community
Fire Department, and Dineh Cooperatives, Inc.,
an Arizona Corporation,
Defendants/Appellees.
Decided March 23, 1998**

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and CADMAN, Associate Justices.

Scott E. Borg, Esq., Albuquerque, New Mexico, for the Plaintiffs/Appellants; and James E. Ledbetter, Flagstaff, Arizona, Esq., for the Defendants/Appellees.

Opinion delivered by AUSTIN, Associate Justice.

The issue presented is whether the district court erred when it dismissed the plaintiffs' complaint for failing to serve it and the summons within six months of filing suit.

### I

On July 28, 1995, the Plaintiffs filed a complaint alleging injuries sustained in an automobile accident that occurred on July 29, 1993. At the time of filing, the Plaintiffs were negotiating a settlement with the Defendants' insurance company. Summons was issued and the Defendants were served on April 3, 1996; just over eight months after the complaint was filed. On April 26, 1996, the Defendants filed a motion to dismiss the complaint without prejudice citing Nav. R. Civ. P. 6(f) (Rule 6(f)). That rule states: "An action shall be dismissed without prejudice if the summons is not issued and service completed within six months from the date of the filing of the complaint." The Plaintiffs did not

request an extension of time to serve process as the deadline approached.

The district court dismissed the complaint on July 15, 1996, after finding that timely returns of service had not been filed with the court. The court ruled that it was required to dismiss a complaint if the summons and complaint were not served within six months after the filing of the complaint. The Plaintiffs filed a second complaint alleging the same claims on November 22, 1996; four months after the dismissal. The Plaintiffs filed an appeal of the order dismissing the first complaint on August 6, 1996.

## II

This Court's prior decisions hold that Rule 6(f) requires a district court to dismiss a complaint when both a summons was not issued and service of the summons and complaint was not made within six months after suit is filed. *Lee v. Tallman*, 7 Nav. R. 246 (1996); *Blackhorse v. Hale*, 7 Nav. R. 304 (1997). In this case, summons was issued, but service was not completed within the prescribed six months. The two criteria for mandatory dismissal under Rule 6(f) were not met. Therefore, the district court erred in reading Rule 6(f) as requiring it to dismiss the Plaintiffs' complaint. However, that error alone does not require reversal of the district court's order. Once the case moves beyond the realm of mandatory dismissal, the district court has the discretion to dismiss for lack of timely service.

## III

The Plaintiffs assign the following four errors to the district court's decision dismissing their complaint: 1) the district court's dismissal violated Nav. R. Civ. P. 1, which requires a just construction of Rule 6(f); 2) the Defendants should have used Nav. R. Civ. P. 12(b) (4), rather than Nav. R. Civ. P. 12(b) (5), in support of their motion to dismiss; 3) if the district court's dismissal was without prejudice, then the filing of the second complaint moots this appeal; but, if the dismissal is with prejudice, then that is error because the statute of limitations will bar the filing of the second complaint; and 4) the Plaintiffs will be deprived of due process of law if the dismissal of their complaint is affirmed. These four claims are addressed below.

## A

The Plaintiffs make several factual assertions in support of their first claim. First, they say the purpose of Rule 6(f) is to make a defendant aware of the suit within a reasonable time after filing and it should not be strictly construed so justice can be served. The Plaintiffs claim the parties were negotiating a settlement so the Defendants "knew" a compliant had been filed "well within the period of time for service" of process. Whatever place a party's "awareness" of suit might have in litigation, it is not service of the summons and complaint. Under Rule

6(f), legal notice is given the defendant by being served with the summons and complaint. That is simply a well established practice written into a court rule. We will not adopt the Plaintiffs' proposed "awareness of suit" rule. It would entangle the district court and parties in mini-trials attempting to determine whether the parties knew a complaint was filed or not.

The Plaintiffs' second factual assertion is that "the district court did not follow its customary practice" of giving them a 30-day warning that their complaint would be dismissed if they did not serve the Defendants within the prescribed time. First, there is nothing in the Navajo Rules of Civil Procedure which requires the district courts to send any party a "Notice of Pending Dismissal." Second, a district court's failure to follow its customary practice does not excuse a party from complying with court rules. *Tome v. The Navajo Nation*, 5 Nav. R. 14, 16 (1984): ("It is the responsibility of the parties and their representatives to comply with proper procedural and legal requirements."). In this case, the Plaintiffs were responsible for keeping track of the prescribed time for service on the Defendants. If the Plaintiffs had trouble meeting the time deadline, they could have requested an extension of time to serve the summons and complaint. See Nav. R. Civ. P. 6(b); *Lee v. Tallman*, 7 Nav. R. at 248.

The Plaintiffs' third factual assertion is that the district court clerk promised them the complaint would not be dismissed for failure to serve it and the summons within the prescribed six months. We have repeatedly warned practitioners not to rely on communications solicited from court clerks or other court staff. The reasons are simple. Court clerks and other staff members do not have authority to waive any requirement imposed by law or court rule. *Tome*, 5 Nav. R. at 16. A court clerk is not held to a higher standard of legal knowledge than the attorneys. *Tome*, 5 Nav. R. at 15; *Billie v. Abbott*, 5 Nav. R. 201, 202 (1987). The responsibility for following rules of procedure and meeting time deadlines rests with the parties and their attorneys. *Tome*, 5 Nav. R. at 16. The Plaintiffs' assertion has no merit.

The Plaintiffs' fourth factual assertion is that the Defendants gave them permission not to serve the summons and complaint during on-going settlement negotiations to save litigation costs. The Defendants deny such an agreement was made. Given the stakes involved, it is a wonder why such an agreement, if made, was not reduced to writing and used to support a motion for extension of time to serve the summons and complaint. Without a written agreement in the record, we are left to surmise and our courts do not decide important questions on conjecture. We are not persuaded by this assertion.

Finally, the Plaintiffs propose that we hold Rule 6(f) inapplicable under the following circumstances:

> 1) The defendant is aware of the lawsuit or claim; 2) The plaintiff has contacted the defendant's attorney or insurance carrier for the purpose of presenting the claim for possible settlement; and 3) Upon failing to reach such a settlement, the Plaintiff, without furthering prompting, serves the summons

and complaint on the defendant.

Plaintiffs' Opening Brief at 11. The Plaintiffs claim that the rule they propose would encourage negotiation and settlement without litigation. We are not persuaded. The language of Rule 6(f) is simple and straightforward. We will not befuddle its simplicity with waivers and exceptions.

Besides, Nav. R. Civ. P. 6(b) is available to litigants if they desire negotiation and reduction of litigation costs. The parties can file a motion and a supporting stipulation with the court asking for delay in serving the complaint and summons while settlement negotiations proceed. The other option is to serve the summons and complaint and then ask the court to hold off on any further proceedings while the parties try to reach a settlement. We decline to adopt the Plaintiffs' proposed rule.

## B

The Plaintiffs' second claim raises the question of which rule, Nav. R. Civ. P. 12(b)(5) or Nav. R. Civ. P. 12(b)(4), should be used in support of a motion to dismiss for failure to serve the summons and complaint within the prescribed six months. In this case, the Defendants used Rule 12(b)(5), and that is proper. We take guidance from interpretations of similar rules used in the federal courts. A leading treatise explains it this way. Rule 12(b)(5) allows for dismissal of a complaint for insufficiency of service of process. It challenges the mode of delivery or the lack of delivery of the summons and complaint. Rule 12(b)(4) allows for dismissal of a complaint for insufficiency of process. It is addressed to the form of the process. Wright & Miller, Federal Practice and Procedure, § 1353 at 276 (2nd ed. 1990). We agree with the Defendants that Rule 12(b)(5) is the vehicle for attacking the Plaintiffs' failure to serve the summons and complaint within six months of filing the complaint. There is no error here.

## C

The Plaintiffs raise in their third claim the question of whether the district court's order of dismissal was with prejudice or without prejudice. According to the Plaintiffs, if the court's dismissal was with prejudice, then the statute of limitations started running again and likely bars the filing of their second complaint and that would violate Rule 6(f). If the dismissal was without prejudice, then the filing of the second complaint is timely and would make this appeal moot. The Plaintiffs are concerned because they waited until one day before the running of the limitations period to file their first complaint. After the court dismissed this complaint, they filed a second complaint.

Again, the language of Rule 6(f) is concise on this issue: "An action shall be dismissed without prejudice if the summons is not issued and service completed within six months...." Any dismissal under Rule 6(f) must be without prejudice. The terms of the district court's order shows that it dismissed the Plaintiffs' complaint without prejudice and that is proper. We see no reason to engage in seman-

tics here.

The question of whether the Plaintiffs might later lose their right to refile their claim due to the running of the statute of limitations is not relevant to the nature of the district court's dismissal. The issues of whether the limitations period was tolled by the filing of the first suit and whether the Plaintiffs' second complaint is timely are not ripe for this Court's review. Those issues and other related ones are proper subjects for the district court to decide.

## D

The Plaintiffs' final claim is that they will be denied due process if the dismissal is upheld and they are barred from refiling their complaint by the statute of limitations. They claim that if the limitations period has run on their second complaint they will lose their right to their day in court and that violates fundamental principles of fairness.

We have never held that a party's right to due process is violated when that party fails to comply with applicable time limits. Our court rules are drafted in ways which comport with notions of justice, flexibility, and fundamental fairness. In fact, the members of the Navajo Nation Bar Association have a substantial role in the drafting and review of court rules. When a party does not comply with court rules or abuses court process (as in the failure to comply with discovery orders), the courts have the power to rule that the party has given up his right to be heard. *Chavez v. Tome*, 5 Nav. R. 183, 186-188 (1987); *Wilson v. Wilson*, 3 Nav. R. 145, 147 (1982). Thus, the Plaintiffs' final arguments lack merit.

## IV

For the reasons stated above, we hold that the district court did not abuse its discretion in dismissing the complaint. The decision of the Chinle District Court is affirmed.